IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:19-CV-94-D

| | |
|---|---|
| COLLINS MAHONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| SPIRIT AEROSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the clerk on the unopposed motion for bill of costs [DE-24] filed by defendant Spirit Aerosystems, Inc. For the reasons set forth below, it is GRANTED in part.

## BACKGROUND

Plaintiff commenced this action in this court by filing a complaint on June 24, 2019. On March 16, 2021, the court granted defendant's motion for summary judgment. The clerk entered judgment in favor of defendant on that same date. Defendant timely filed its motion for bill of costs on March 30, 2021, and plaintiff did not respond thereto.

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1

"further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

In this case, defendant seeks $1,175.40 in costs for fees of printed or electronically recorded transcripts necessarily obtained for use in the case pursuant to § 1920(2). The supporting documentation for these costs shows charges for deposition exhibit copies, shipping and handling, litigation support packages, and read and sign charges. This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, only transcript costs in the amount of $946.90 are allowed.

## CONCLUSION

For the forgoing reasons, the motion for bill of costs [DE-24] is GRANTED in part. As the prevailing party, defendant Spirit Aerosystems, Inc., is awarded $946.90 in costs pursuant to § 1920(2). Total costs in the amount of $946.90 are taxed against plaintiff Collins Mahoney and shall be included in the judgment.

SO ORDERED. This the 14 day of April, 2021.

_____
Peter A. Moore, Jr.
Clerk of Court